UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JESUS VIVAR HERRERA, individually and on :
behalf of all others similarly situated, :
 :
                          Plaintiff, :         **MEMORANDUM AND ORDER**
 :            **22-cv-7791(DLI)(PK)**
        -against- :
 :
ALBION VENUE, LLC d/b/a DA MIKELE :
ILLAGIO, SKYLINE VALET PARKING, INC., :
ILYA ZAVOLUNOV, and JASON RODRIGUEZ, :
as individuals, :
 :
                         Defendants. :
------------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On December 21, 2022, Jesus Vivar Herrera ("Plaintiff") commenced this action on behalf of himself and others similarly situated against his former employers, Albion Venue LLC d/b/a Da Mikele Illagio ("Albion") and Skyline Valet Parking, Inc. ("Skyline"), and each of their alleged owners, Ilya Zavolunov ("Zavolunov") and Jason Rodriguez ("Rodriguez"), respectively (collectively, "Defendants"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), §§ 190 *et seq.* and 650 *et seq. See,* Complaint ("Compl."), Dkt. Entry No. 1. Plaintiff claims that he worked for Defendants "as a parking attendant and valet while performing related miscellaneous duties" from approximately February 2021 to January 2022, during which time Defendants willfully failed to pay minimum and overtime wages required under the FLSA and NYLL and failed to provide wage statements and notices required under the NYLL. *Id*. ¶¶ 32, 56-86. On March 15, 2023, Leiny Jimenez, Cesar Ruedas, and Aurelio Vivar, three former employees of Defendants ("Consenting Plaintiffs"), filed consents to join the action as to the FLSA claims. *See,* Consents, Dkt. Entry Nos. 19-21.

Before this Court is Albion and Zavolunov's motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)") on the basis that Plaintiff has failed to allege their status as employers within the meaning of the FLSA and NYLL.[1]  *See*, Def.'s Mem., Dkt. Entry No. 15-2.  Plaintiff opposed the motion.  *See*, Pl.'s Opp., Dkt. Entry No. 23.  Defendants replied.  *See*, Def.'s Reply, Dkt. Entry No. 24.

The two nonmoving defendants, Skyline and Rodriguez, were to have responded to the Complaint by January 26, 2023 and March 21, 2023, respectively, but, to date, neither has done so.  *See,* Electronic Order dated March 30, 2023 (issuing notice of impending dismissal for failure to prosecute after Plaintiff failed to act with respect to Skyline and Rodriguez's failures to appear).  Thus, on April 19, 2023, Plaintiff filed a motion for default judgment as to Skyline and Rodriguez ("Defaulting Defendants") that is pending before the Honorable Peggy Kuo, United States Magistrate Judge of this Court, on referral from this Court.  *See,* Entry of Default, Dkt. Entry No. 30; Def. Judg. Mot., Dkt. Entry Nos. 31-33; Referral Order dated April 25, 2023.

For the reasons set forth below, Defendants' motion to dismiss is granted, but their request that the Court dismiss the Complaint with prejudice is denied.  As discussed below, the Complaint is dismissed without prejudice to the filing of an amended complaint.

## LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard "does not require 'detailed factual allegations,' but it demands more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

---

[1] Unless otherwise noted, all references to "Defendants" made throughout the remainder of this Memorandum and Order refer to Albion and Zavolunov, the only two defendants who have appeared and seek to dismiss the Complaint.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the court accepts as true all well pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009) (citations omitted). Nevertheless, "threadbare recitals of the elements of a cause of action" that are supported by "conclusory" statements and mere speculation are inadequate and subject to dismissal. *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted); *See also*, *Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Furthermore, the Second Circuit emphasized in a labor case that "[d]etermining whether a plausible claim has been pled is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 679).

## DISCUSSION

### I. Consideration of Materials Outside the Complaint

As an initial matter, the Court may not consider Plaintiff's declaration and those of each Consenting Plaintiff submitted in opposition to Defendant's motion. *See,* Decls., Dkt. Entry Nos. 22-1 to 22-4. While Plaintiff contends the declarations "further establish[ ] that [Defendants] are Plaintiff's employers under the applicable statutes," they are improper. *See,* Pl.'s Opp. at 15.

"In ruling on a Rule 12(b)(6) motion, courts can consider materials outside of the pleadings if they are incorporated by reference into the complaint, or 'where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint.'" *Yuan v. AA Forest, Inc.*, 2022 WL 900614, at *4 (E.D.N.Y. Mar. 28, 2022) (quoting *Chambers v. Time*

*Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)).  Neither scenario applies here nor does Plaintiff argue as such.  Thus, the Court does not consider the declarations in deciding this motion.

**II.     Analysis**

Defendants argue for dismissal on grounds that Plaintiff fails to allege facts sufficient to establish that Albion and Zavolunov each constitute an "employer" within the meaning of the FLSA and NYLL and, thus, cannot be held liable under those statutes.  Def.'s Mem. at 3-6.  Plaintiff opposes, arguing that he adequately and plausibly alleged facts establishing Albion and Zavolunov's status as employers.  Pl.'s Opp. at 5-14.

For an individual or entity defendant to face liability under the FLSA and NYLL, the defendant must qualify as "an 'employer'" within the meaning of the statutes.[2]  *See, Apolinar v. R.J. 49 Rest., LLC*, 2016 WL 2903278, at *3 (S.D.N.Y. May 18, 2016); *Peng Bai v. Fu Xing Zhuo*, 2014 WL 2645119, at *2 (E.D.N.Y. June 13, 2014).  Notably, "[c]ourts interpret 'employer' under the NYLL in the same way they interpret [it under] the FLSA."  *Solis v. ZEP LLC*, 2020 WL 1439744, at *7, n.4 (S.D.N.Y. Mar. 24, 2020) (internal quotation marks and citations omitted).  Thus, "the test used to determine whether someone is an employer under the NYLL is the same as under the FLSA and the Court need not discuss the NYLL separately for purposes of this motion." *Id.* (internal quotation marks and citations omitted); *Chang Yan Chen v. Lilis 200 W. 57th Corp.*, 2020 WL 7774345, at *2, n.3 (S.D.N.Y. Dec. 30, 2020) (same and noting that "[t]he Court's finding that [the defendant] cannot be held liable as [the] [p]laintiff's employer under the FLSA therefore applies equally to [the] [p]laintiff's NYLL [claims]") (collecting cases); *Yuan,* 2022 WL 900614, at *2, n.4 (collecting cases).

---

[2] The FLSA defines "employer" as "'any person acting directly or indirectly in the interest of an employer in relation to an employee'" and the NYLL defines "employer" as "'any individual, partnership, association, corporation, limited liability company, business trust, legal representative, or any organized group of persons acting as employer.'"  *Solis*, 2020 WL 1439744, at *7 (quoting FLSA § 203(d)); *Peng Bai*, 2014 WL 2645119, at *2 (quoting NYLL § 651(5)).

4

"'[T]he determination of whether an employer-employee relationship exists for purposes of the FLSA [is] grounded in economic reality rather than technical concepts'" and the "'overarching concern is whether the alleged employer possessed the power to control the workers in question.'"  *Apolinar*, 2016 WL 2903278, at *3 (quoting *Irizarry v. Catsimatidis*, 722 F.3d 99, 104 (2d Cir. 2013)); *Lin v. Dolar Shop Rest. Grp., LLC*, 2021 WL 681075, at *7 (E.D.N.Y. Feb. 22, 2021) (quoting *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999)); *Yuan,* 2022 WL 900614, at *3.  Relevantly, "[a]n individual may simultaneously have multiple 'employers' for [ ] purposes of [determining responsibility under] the FLSA, in which case, 'all joint employers are responsible, both individually and jointly, for compliance with all the applicable provisions of the [FLSA].'"  *Solis*, 2020 WL 1439744, at *7 (internal citations omitted).  In the case of multiple employers, courts have applied various tests and factors depending on the context in which the claims arise in order to assess their status as "employers" within the meaning of the statutes.  *See*, *Yuan,* 2022 WL 900614, at *3.

Where, as here, "a plaintiff alleges that more than one entity was responsible for his or her employment," courts generally assess "whether the entities can be held liable as 'joint employers,'" meaning that a plaintiff is "formally" employed by one entity but "has been assigned to work in circumstances that justify the conclusion that the employee is at the same time constructively employed by another entity" ("Joint Employer Theory").  *See, Chang Yan Chen*, 2020 WL 7774345, at *3.  Courts also may assess whether the entities can be held liable as a "single enterprise," meaning that a plaintiff "technically" is employed by one entity but the entity is part of a group of one or more "closely affiliated entities" that are "part of a single integrated enterprise, such that an employee need not have worked at each entity in order to hold each liable"

5

("Single Enterprise Theory"). *Id.* (citing *Arculeo v. On-Site Sales & Mktg., LLC*, 425 F.3d 193, 198 (2d Cir. 2005)) (internal quotation marks omitted); *Yuan,* 2022 WL 900614, at *3.

To determine whether more than one defendant entity can be held responsible under the FLSA based on the Single Enterprise Theory, "courts consider[:] (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Apolinar*, 2016 WL 2903278, at *4 (internal quotation marks and citations omitted). To assess the applicability of a Joint Employer Theory, courts have looked to a variety of different factors and considerations aimed at assessing a defendant's functional control over its employees, including, for example, whether the alleged joint employers' premises and equipment were used for the plaintiff's work, the degree to which the alleged employers or their agents supervised plaintiffs' work, whether the plaintiff worked exclusively or predominantly for the alleged employers, and the extent of the employers' financial control of the plaintiff. *See generally, Yuan,* 2022 WL 900614, at *3; *Chang Yan Chen*, 2020 WL 7774345, at *3.

Finally, to determine whether an individual defendant is an employer under the FLSA, courts commonly employ an "economic reality test" that the Second Circuit set out in *Carter v. Dutchess Community College* to assess the individual's control over employment and related operations. 735 F.2d 8, 12 (2d Cir. 1984). The relevant factors under the test include "whether the alleged employer[:] (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* (internal quotation marks and citations omitted); *See, e.g., Solis*, 2020 WL 1439744, at *7 (applying test). Courts also look at "the operational control exerted over employment and the individual's potential power, even if not exercised, over the employees." *Id.* These factors are not exclusive and courts are to base their

6

determination of employer status on "'the totality of the circumstances.'" *See*, *Apolinar*, 2016 WL 2903278, at *3 (quoting *Irizarry*, 722 F.3d at 104); *Peng Bai*, 2014 WL 2645119, at *2 (same).

For the reasons set forth below, Plaintiff has failed to plead adequately Albion or Zavolunov's status as employers under the FLSA and NYLL in a nonconclusory manner. The Court first addresses Plaintiff's failure to plead adequately Albion's status as an employer and then considers Plaintiff's failure to do so as to Zavolunov.

A.   **Defendant Albion Venue LLC**

Defendants argue that Plaintiff has failed to plead Albion's status as an employer under the FLSA and NYLL because the allegations in the Complaint are insufficient to support any theory of liability under which Albion can be held liable as Plaintiff's employer alongside Skyline within the meaning of the statutes. *See,* Def.'s Mot. at 3-4. This Court concurs.

Plaintiff alleges Albion and Skyline both served as his employers but has not alleged facts from which the Court can infer Albion's liability either as a joint employer or single enterprise with Skyline. *See*, Compl. ¶¶ 28-32. As an initial matter, Plaintiff seems to conflate the Joint Employer and Single Enterprise Theories in the Complaint, alleging that Albion and Skyline were single *and* joint employers of Plaintiff. *See, e.g., Id*. ¶ 28 (alleging that Albion and Skyline "acted as a single employer in general and a joint employer with respect to Plaintiff, as Defendants held out Plaintiff as employee of both" Albion and Skyline); *Compare, Id.* ¶ 29 (alleging Albion and Skyline "jointly employed Plaintiff") *with Id.* ¶ 30 (alleging Albion and Skyline "functioned as a single integrated enterprise during Plaintiff's employment"). *See, Chang Yan Chen,* 2020 WL 7774345, at *3, n.4 (finding that similar allegations conflated the theories).

Moreover, and in any event, Plaintiff alleges no facts from which the Court reasonably can infer that Albion qualifies as an "employer" within the meaning of the FLSA under either a Joint

Employer Theory or Single Enterprise Theory with Skyline. For the most part, Plaintiff alleges, without more, that the entities "jointly employed" him, that he "was employed" by both entities, that the entities acted as single and joint employers, and that the entities functioned "as a single integrated enterprise." Compl. ¶¶ 28-29, 30-32. All such allegations are conclusory and boilerplate.

The only somewhat specific allegations bearing on Albion's employer status are that Plaintiff worked for the entities at a single location, specifically "79-17 Albion Ave., Queens, NY 11373," and the entities "were jointly responsible for paying Plaintiff, setting Plaintiff's schedule, supervising Plaintiff's work, and instructing Plaintiff on what duties he was to perform while working." *Id.* ¶¶ 1, 29. However, these allegations, without more, do not suffice. First, some courts have held that allegations of a shared worksite address are insufficient as they reveal nothing about the interactions between the parties that took place at that workplace and they do not establish control over employment. *See, Peng Bai* at *4. This rings particularly true here given the dearth of specificity throughout the Complaint. Second, the allegations of joint responsibility over scheduling, supervising, and instructing are generic and, as with most of the allegations, lack specific factual support. *Solis*, 2020 WL 1439744, at *8 (finding similar allegations insufficient and granting corporate defendant's motion to dismiss); *Yuan,* 2022 WL 900614, at *8 (finding complaint insufficient to establish single integrated enterprise because it lacked details or specific facts to support otherwise general, vague allegations as to existence of control). Accordingly, Plaintiff has failed to establish plausibly that Albion and Skyline are his "employers" under a Single Employer or Joint Enterprise Theory, warranting dismissal of the claims against Albion.

**B. Defendant Ilya Zavolunov**

Defendants argue that Plaintiff has failed to allege Zavolunov's employer status as an individual defendant because the allegations as to Zavolunov's degree of control over Plaintiff's

8

employment, including any role he might have played in relation to the same, are conclusory and made solely upon information and belief. *See,* Def.'s Mot. at 4-6. This Court concurs.

Here, Plaintiff alleges, "upon information and belief," that Zavolunov: (1) is "the owner" and "an agent" of Albion; (2) is "responsible for overseeing the daily operations of Albion;" (3) has "power and authority over all the final personnel" and "payroll decisions of Albion;" (4) has "the exclusive final power to" hire, fire, and terminate the employees of Albion, including Plaintiff; and (5) is "responsible for determining, establishing, and paying the wages of all employees" of Albion, including Plaintiff, as well as "setting their work schedules and maintaining all their employment records." Compl. ¶¶ 10-17. These allegations fall short of establishing Zavolunov's status as an employer under the FLSA in a nonconclusory manner.

As an initial matter, an allegation that a defendant is an "owner" of a company "is insufficient' by itself, unless the [allegations establish that he or she] has 'control over a company's actual 'operations' in a manner that relates to a plaintiff's employment.'" *Lin,* 2021 WL 681075, at *7 (quoting *Irizarry*, 722 F.3d at 109); *Yuan,* 2022 WL 900614, at *5. Here, Plaintiff has failed to allege the requisite control. Allegations, such as the ones here, "that [a defendant has] the power to hire, fire, set wages, set work conditions, and maintain employment records," are "conclusory and inadequate to establish that [a defendant is] an employer" because they merely "recit[e] in conclusory fashion" the factors set forth in the economic reality test. *Solis*, 2020 WL 1439744, at *8; *Peng Bai*, 2014 WL 2645119, at *4. Such allegations provide no facts "from which it could be inferred that [Zavolunov] had the power to hire or fire employees, supervise or control the work schedules of the employees, determine rates of pay, maintain employment records, or otherwise exercise operational control over the workplace." *Solis*, 2020 WL 1439744, at *8.

9

The remaining allegations, *i.e.,* that Zavolunov is "responsible for overseeing the daily operations" and has "power and authority over all the final personnel" and "payroll decisions," also are insufficient because "conclusory allegations of operational involvement" and "alleged general power over various employment decisions [do] not suffice." *See, Gisomme v. Healthex Corp.*, 2014 WL 2041824, at *4 (E.D.N.Y. May 15, 2014) (finding allegations of, *inter alia*, "significant managerial control over operations, policies, practices, and procedure" insufficient); *Lee v. Korea Central Daily News, Inc.*, 2021 WL 7906541, at *2 (E.D.N.Y. Oct. 18, 2021) (general allegations of "authority to control plaintiffs' work hours and pay" do not suffice); *See, e.g., Aguilar v. New Dairydel, Inc.*, 2023 WL 5835829, at *3 (S.D.N.Y. Sept. 8, 2023) (finding allegation that defendant would "instruct" corporate defendant's employees "how to perform their jobs; directing Plaintiffs where, when and how to perform their job duties responsibilities and functions each day" insufficient). These allegations plead minimal, if any, factual detail sufficient to support a finding that Zavolunov controlled Plaintiff's employment in the requisite manner.

Finally, the fact that all allegations as to Zavolunov are based upon "information and belief" is fatal here because "[a]llegations based upon information and belief are adequate only if the relevant knowledge is solely within the possession of the opposing party or the plaintiff makes additional allegations that demonstrate the basis for the belief," neither of which is the case here. *See, Peng Bai*, 2014 WL 2645119, at *4 (citing *Arista Records, LLC v. Doe*, 604 F.3d 110, 120 (2d Cir.2010)). Plaintiff "should have direct, personal knowledge of whether [Zavolunov] hired him and set his wages and other terms of employment, or should at least be able to allege facts supporting his belief that [Zavolunov] hired him and set his wages and other terms of employment, [but he] has failed to do so." *Id.* (finding same as to allegations based on information and belief).

10

Accordingly, Plaintiff has failed to allege adequately that Zavolunov was his "employer" within the meaning of the FLSA or NYLL, requiring dismissal of the action against Zavolunov.

As the Defaulting Defendants are similarly situated to Albion and Zavolunov and the allegations against them are substantially identical, the claims are dismissed against the Defaulting Defendants for the same reasons they are dismissed against Albion and Zavolunov.

### III.     Leave to Amend

The Court grants Plaintiff's request for leave to amend the Complaint.  *See,* Pl.'s Opp. at 14-15.  Fed. R. Civ. P. 15(a)(2) provides that courts should "freely give leave" to amend "when justice so requires."  When "a complaint is dismissed, 'the usual practice is to grant leave to amend the complaint,' unless there is evidence of undue delay, bad faith, undue prejudice, or futility." *Peng Bai*, 2014 WL 2645119, at *4 (quoting *Hayden v. Cnty. of Nassau*, 180 F.3d 42, 53 (2d Cir.1999) and *Milanese v. Rust–Oleum Corp.*, 244 F.3d 104, 110 (2d Cir.2001)).

Here, the Court finds no evidence of undue delay, bad faith, undue prejudice, or futility nor do Defendants argue that the Court should deny leave to amend on any of those grounds.  *See,* Def.'s Reply at 3-4 (arguing that the Court should deny leave to amend because Plaintiff failed to attach a proposed amended complaint to its opposition papers).  Indeed, some of the allegations in the declarations that Plaintiff and the Consenting Plaintiffs submitted, while inappropriate for consideration on the instant motion, suggest that Plaintiff may be able to allege, at least with more factual support than what Plaintiff currently provides, that Defendants were his employers.  *See, Peng Bai*, 2014 WL 2645119, at *4 (finding same as to improper affidavits submitted there).

## **CONCLUSION**

For the reasons set forth above, Defendants' motion to dismiss the Complaint for failure to state a claim is granted, but the request that the Court dismiss the Complaint with prejudice is denied. The Complaint is dismissed without prejudice to the filing of an amended complaint BY NO LATER THAN OCTOBER 30, 2023.

SO ORDERED.

Dated: Brooklyn, New York
 September 28, 2023

/s/
DORA L. IRIZARRY
United States District Judge